

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF NEW YORK

**********************************************
UNITED STATES OF AMERICA,

       v-                                           **Criminal No. 07-CR-551**
                                                 **(Hon.  Thomas J. McAvoy)**

STEVEN HUNT,
                           **Defendant.**
**********************************************

## PRELIMINARY ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT:**

      1.     As a result of the guilty plea to Counts 1 Indictment 07-CR- 551, which alleged

forfeiture pursuant to 18 U.S.C. § 2253, and the defendant's admission of the forfeiture

allegation as set forth in Indictment 07-CR-551, the defendant shall forfeit to the United States

all his right, title and interest in any property, real or personal, used or intended to be used to

commit or to promote the commission of the charged 18 U.S.C. § 2251(a) offenses, as alleged in

Indictment 07-CR-551;  and

      2.     The Court has determined, based on evidence already in the record, including the

defendant's plea, written plea agreement, and admission of the illegal acts alleged in the

Indictment 07-CR-551 that the following property is subject to forfeiture pursuant to 18 U.S.C.

§2253 and that the Government has established the requisite nexus between such properties and

such offenses:

### Personal Property:

1. 10 CD's in envelopes marked "WinMx" inside a Ziploc bag;
2. 2 DVD's in cases from bedroom dresser;
3. JVC digital comcorder in soft case, s/n 107Q1971, with 2 tapes and a tape reader;
4. 19 small tapes in box;
5. Panasonic digital VHS recorder, s/n E9wa11162 in hard case;
6. Samsung/Verizon flip camera cell phone from computer desk;
7. 2 pages of photos from computer area;
8. Flash drive from computer desk;
9. Gateway computer tower, s/n XSL5451002532, keyboard, monitor, s/n MRC5650H05204;
10. Motorola modem, s/n 140058632635611102039001;
11. Seagate computer device, s/n 4JV6M9J5;
12. 4 boxes of CD's and/or DVD's from computer area;
13. Miscellaneous cables from computer;
14. Miscellaneous paperwork from computer area;
15. Miscellaneous 3 ½ floppy disks;
16. Plastic box with assorted floppy disks;
17. Vivitar digital camera, s/n 9W4V1VC2TA001AM;
18. Gray soft camera case with several SD cards and batteries;
19. DXG 301V video camera w/ 'Steve' scratched on side;
20. Assorted 3 ½ " floppy disks;
21. Assorted manuels;
22. 6 photos of naked females w/face superimposed and one photo of a female;
23. 12 photos of females in various states of undress, naked and some with superimposedfaces and 7 photos of 2 girls;
24. Compaq Presario 5822 computer tower, s/n 1X99CTQ6G3X6;
25. Western digital Caviar 3T200 drive;
26. 4 VHS tapes from master bedroom with name of Kayla on them;
27. Multiple boxes of assorted VHS tapes;
28. Hewlett Packard Pavilion computer, s/n KR03319215;
29. Gateway HP 9300 series tower, s/n 0020267027;
30. 4 crayon boxes containing names, photos, papers and hairs;
31. 6 pictures of naked females who appear to be underage;
32. Plastic bag containing pairs of children's underwear, bras and shirts (23 items);
33. Packet of miscellaneous photographs;
34. Folder containing miscellaneous printouts of Child Pornography websites;

35. White envelope containing CD and 2 Post It Notes w/miscellaneous handwritten notaions;

36. White envelope containing CD and 1 Post It Note w/miscellaneous handwritten notations "Lolita Pics and Videos", "Little Virgin Videos";

37. White envelope containing CD and 1 Post It Note w/ "Lolita Pics & Vid's";

38. White envelope containing CD and 1 Post It Note w/miscellaneous handwritten notations;

39. CD (no writing) Memorex;

40. CD (no writing) Memorex;

41. CD (no writing) w/scratches on back Memorex High Capacity;

42. CD (no writing) "Title" w/scratches on back;

43. CD (no writing) Memorex w/scratches on back;

44. CD (no writing) Memorex w/scratches on back;

45. Newtronics Co., LTD Mitsumi Disk Drive, Model #:D359T5, SN 3743350;

46. Newtronics Co., LTD Mitsumi Disk Drive, Model #: D359T5, SN 579606;

47. White envelope marked "#1" containing CD and 2 pieces of paper w/handwritten notes including frmale names;

48. White envelope marked "#2" containing CD and piece of paper w/handwritten notes including female names;

49. White envelope marked "#3" containing CD and piece of paper w/handwritten notes including female names;

50. White envelope marked "#4" containing CD and piece of paper w/handwritten notes including female names;

51. White envelope marked "#5" containing CD and piece of paper w/handwritten notes including female names;

52. White envelope marked "#6" containing CD and piece of paper w/handwritten notes including female names;

53. White envelope marked "#7" containing CD and piece of paper w/handwritten notes including female names;

54. White envelope marked "#8" containing CD and piece of paper w/handwritten notes including female names;

55. White envelope marked "#9" containing CD and piece of paper w/handwritten notes including female names;

56. White envelope marked "#10" containing CD and piece of paper w/handwritten notes including female names;

57. White envelope (blank) containing CD and piece of paper w/handwritten notes including female names;

58. White envelope marked "11-20-03" containing CD and piece of paper w/handwritten notes including female names;

59. White envelope (blank) containing CD and piece of paper w/handwritten notes "Eclipse Nov. 8, 2003," and "Kids playing";

3.      Upon the entry of this Order, the United States Marshals Service is authorized to seize the above listed properties which are subject to forfeiture.

4.      Upon entry of this Order , the United States Attorney is authorized to conduct any discovery proper in identifying, locating or disposing of the properties subject to forfeiture in accordance with Fed. R. Crim. P. 32.2(b)(3) and 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853(i).

5.      Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6.      The United States shall publish notice of the Order and its intent to dispose of the properties in such a manner as the United States Attorney General may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject properties.

7.      Any persons, other than the above-named defendant, asserting a legal interest in the subject properties may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the subject properties and for an amendment of the Order of Forfeiture, pursuant to 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853 (n).

8.      Any petition filed by a third party asserting an interest in the subject properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject properties;  the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject properties;  any additional facts supporting the petitioner's claim;  and the relief sought.

9.      After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10.      The United States shall have clear title to the subject properties following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in Fed. R. Crim. P. 32.2(c)(1)(B), 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853(n)(7) for the filing of third party petitions.

11.      Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order shall become a Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2).

12.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13.      The Clerk of the Court shall forward six (6) certified copies of this Order to Assistant United States Attorney Thomas A. Capezza, United States Attorney's Office for the Northern District of New York, 218 James T. Foley Courthouse, 445 Broadway, Albany, New York.

Dated: April 15 , 2008

_____
Honorable Thomas J. McAvoy
U.S. District Court Judge